COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:      In the Interest of J.C.H.

Appellate case number:   01-11-00704-CV

Trial court case number:  1998-23370

Trial court:                     309th District Court of Harris County

Appellant, B.H., timely filed a notice of appeal from the trial court's July 28, 2011 "Agreed Final Order Modifying Prior Order and Decree in Suit Affecting the Parent-Child Relationship." *See* TEX. R. APP. P. 26.1(b). On August 17, 2011, appellant filed a "Request for Appointment of Appellate Counsel," contending that she is indigent and requesting appointment of counsel. On January 13, 2012, we abated this case to the trial court to determine whether appellant is indigent, pursuant to section 263.405 of the Texas Family Code.[1] *See* TEX. FAM. CODE ANN. § 263.405(d)(3), (e) (West 2008), *repealed by* Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 5, 2011 Tex. Sess. Law. Serv. 1 (West) ("If a party claims indigency and requests the appointment of an attorney, the court shall require the person to file an affidavit of indigency and shall hear evidence to determine the issue of indigency.").

On February 7, 2012, Deborah Selden, acting on behalf of the trial court, requested an extension of time to comply with our abatement order until March 1, 2012. Although we granted the extension on February 9, 2012, no record of a hearing on our abatement order has been filed in this Court to date.

We do, however, have a clerk's record on indigence that was filed in a previous appeal in this case,[2] in appellate cause number 01-10-00911-CV, which contains an affidavit of indigence

---

[1]     Because the trial court's final order in this case was rendered before September 1, 2011, this case is governed by the provisions of section 263.405 of the Texas Family Code that were in effect on the date the trial court's order was rendered. *See* Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 8, 2011 Tex. Sess. Law. Serv. 1 (West).

[2]     In her previous appeal, appellant attempted to appeal from a temporary order of the trial court. Appellant filed an affidavit of indigence in the trial court on October 12, 2010. We dismissed the appeal for want of jurisdiction, because appellant was attempting to appeal from an interlocutory order. *See In re J.C.H.*, No. 01-10-00911-CV, 2011 WL 2410129 (Tex. App.—Houston [1st Dist.] June 9, 2011, no pet.).

filed by appellant. The clerk's record on indigence in that cause reflects that no contest was filed to her affidavit of indigence. Therefore, although the appellate record in this cause contains no evidence that appellant has filed a second affidavit of indigence in conjunction with her appeal from the trial court's July 28, 2011 order, appellant has filed an uncontested affidavit of indigence in conjunction with her appeals from trial court cause 1998-23370. *Cf.* TEX. FAM. CODE ANN. § 107.013(e) (West Supp. 2012); TEX. R. APP. P. 20.1(a)(2), (3), (c), (e), (f), 27.2.

Accordingly, based on the fact that this is an accelerated appeal, the trial court has failed to require appellant to file an affidavit of indigence and hear evidence to determine her indigence, the excessive delays that have occurred since the issuance of our abatement order, and the fact that appellant has filed an affidavit of indigence in conjunction with an appeal from trial court cause 1998-23370, we **ORDER** the Clerk of this Court to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of costs. *See* TEX. FAM. CODE ANN. § 263.405(e); TEX. R. APP. P. 20.1(a)(2), (f), 27.2, 28.4, 35.3(c).

It is further **ORDERED** that the trial court appoint counsel, in writing and separate from any docket sheet notations, to represent appellant within 10 days of the date of this order.[3]

It is further **ORDERED** that the District Clerk file with this Court, within 10 days of the date of this order and at no cost to appellant, a clerk's record containing the trial court's order appointing counsel to represent appellant and the items specified in Texas Rule of Appellate Procedure 34.5(a). *See* TEX. R. APP. P. 20.1(k), 35.1(b).

It is further **ORDERED** that the Court Reporter file with this Court, within 10 days of the date of this order and at no cost to appellant, the reporter's record. *See* TEX. R. APP. P. 20.1(k), 35.1(b).

Appellant's brief is **ORDERED** filed with this Court within 20 days after the later of the date the clerk's record is filed or the date the reporter's record is filed. *See* TEX. R. APP. P. 38.6(a). Appellee's brief, if any, must be filed within 20 days after the date appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated without further order of the Court when a clerk's record containing the trial court's order appointing counsel to represent appellant is filed with this Court.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
         ☑ Acting individually     ☐ Acting for the Court

Date: July 24, 2013

---

[3] The trial court need not hold a hearing in order to appoint counsel to represent appellant.